**J. M. DUBOSE et ux., Appellants,**

v.

**ABILENE & SOUTHERN RAILWAY COMPANY, Appellee.**

No. 3141.

Court of Civil Appeals of Texas.

Eastland.

Feb. 4, 1955.

Rehearing Denied Feb. 25, 1955.

A. J. Smith, Sr., Anson, for appellants.

John Alvis, Wagstaff, Harwell, Alvis & Pope, Abilene, for appellee.

GRISSOM, Chief Justice.

In 1949 Dubose and wife filed a suit in trespass to try title to a 6 and 1/100 acres of land against the Abilene and Southern Railway Company. Plaintiffs claimed the title to said tract (1) under the ten years statute of limitation and (2) on the theory that the deed to the railway company conveyed only a right of way or easement over a larger tract of land subsequently purchased by plaintiffs; that thereafter the railway company ceased to use said tract as a railroad right of way and thereupon the title vested in plaintiffs, who owned the land on each side of said strip. In a trial to the court in February, 1950, Mr. Dubose testified positively that he had not claimed the land for ten years, that is, he testified he had been claiming it for only four or five years. At the conclusion of the testimony, the court advised plaintiffs they had lost their suit, disqualified himself and advised the parties to get another judge to try the case.[1] Several days after the trial, plaintiffs filed a motion for a nonsuit and the court entered an order on February 15, 1950 dismissing said cause, which was Number 8158. On February 20, 1950, plaintiffs filed a suit numbered 8274 alleging the same cause of action against the same defendant. The railway company filed an answer and a cross-action for the title to said land and, on May 1, 1954, filed a motion for summary judgment. Plaintiffs filed a "motion to quash" defendant's motion for summary judgment and alleged that in 1910 said railway company acquired from T. S. Knox a right of way to the strip in controversy and that in 1935 the railway discontinued use of said land as a railroad right of way. Plaintiffs copied in said motion the deed from Knox to the railway company. (This deed conveyed the 6.1 acres of "land" involved in this suit. It conveyed the land, not a mere easement). For said reasons, plaintiffs alleged defendant was not entitled to a summary judgment but plaintiffs were entitled to a judgment awarding them the title.

1. Thereafter, another judge was selected and the new judge tried the case now on appeal.

Plaintiffs' "motion to quash" was overruled. On a hearing of defendant's motion for summary judgment it introduced the testimony of Mr. Dubose on the former trial, heretofore referred to, the former pleadings and the order of dismissal. The court rendered judgment for the defendant and plaintiffs have appealed.

The plain and unequivocal testimony of Mr. Dubose showed conclusively that plaintiffs had not claimed the land in controversy for ten years. The deed to the railway company conveyed the land, not a mere easement. It is, therefore, evident plaintiffs were not entitled to recover on either of the theories on which they relied.

The judgment is affirmed.